(120 So. 479)

No. 27330.

JOHNSON v. JOHNSON.

Jan. 28, 1929.

Boone & Boone, of Many, for appellant.

Elmer L. Stewart, of De Ridder, for appellee.

ROGERS, J. The parties litigant are husband and wife. The suit is for a divorce, based on the alleged adultery of the defendant. Plaintiff averred the existence of the matrimonial community, and prayed for a division of the community property. The defendant denied the allegations of the petition, and set up the nullity of the marriage. The court below annulled the marriage, but decreed plaintiff to be entitled to one-half of the community property, and ordered the partition thereof.

Plaintiff and defendant, who are of the negro race, were married on February 23, 1919, in the town of Fisher, in the parish of Sabine, this state, and have lived there since their marriage. Plaintiff was married twice before her marriage to defendant. Her first husband died, and she obtained a divorce from her second husband. There was no legal impediment, so far as she was concerned, to her third marriage. This, however, was not so in the case of the defendant, who had contracted a marriage with one Ruth Bright, in the city of Beaumont, state of Texas, on May 9, 1916. This marriage was not dissolved until November 3, 1919, the judgment of dissolution being obtained at the instance of Ruth Bright Johnson.

The case involves only questions of fact. Since defendant had a living wife at the time he married plaintiff, the marriage was null, and the judgment so decreeing is correct. Nevertheless the court below found that the plaintiff was in good faith when she married defendant, and that as to her the marriage produced its civil effects. Because of this finding the judgment awarded plaintiff one-half of the community property and ordered a partition thereof. We are not impressed by the testimony of the defendant, who is pleading his own turpitude in an attempt to deprive plaintiff of her share of the property acquired since the marriage. So far as the other testimony appearing in the record is concerned, it is enough for our purpose to say that we have carefully read it, and that, in our opinion, it supports the conclusion reached by the court below. The plaintiff, being a putative wife, is entitled to all the civil effects of her putative marriage. Civ. Code, arts. 117, 118; Miller v. Wiggins, 149 La. 720, 90 So. 109.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.